AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY, ET AL. v. JOHN RANDOLPH INGRAM, COMMISSIONER OF INSURANCE OF THE STATE OF NORTH CAROLINA, RESPONDENT

No. 7610SC687

(Filed 16 March 1977)

**Insurance § 1; Injunctions § 11— insurance regulations — injunction pending trial — new regulations containing those enjoined — injunction without new hearing**

Where the superior court in May 1974 restrained the enforcement of regulations issued by the Commissioner of Insurance relating to the handling of claims arising out of motor vehicle accidents pending final judicial review of the regulations, no trial on the merits has been held, and the Commissioner of Insurance on 30 January 1976 filed with the Attorney General as part of the North Carolina Administrative Code a "new" set of rules which included substantially the same provisions as the previously enjoined regulations, the superior court properly enjoined enforcement of portions of the "new" regulations which were the same as the old regulations pending judicial review without the "new" regulations having first been attacked in a "new" hearing before the Commissioner of Insurance.

APPEAL by respondent, Commissioner of Insurance, from *Godwin, Judge.* Orders entered 25 March 1976 in Superior Court, WAKE County. Heard in the Court of Appeals 20 January 1977.

*Young, Moore, Henderson & Alvis, by R. Michael Strickland; Sanford, Cannon, Adams & McCullough, by Charles C. Meeker; Broughton, Broughton, McConnell & Boxley, by J. Melville Broughton, Jr.; Maupin, Taylor & Ellis, P.A., by W. W.*

*Taylor, Jr.; Smith, Anderson, Blount & Mitchell, by Henry A. Mitchell, Jr.; Teague, Johnson, Patterson, Dilthey & Clay, by Grady S. Patterson, Jr., attorneys for petitioner appellees.*

*Hunter & Wharton, by John V. Hunter III and V. Lane Wharton, Jr., for defendant appellant.*

VAUGHN, Judge.

On 15 March 1974, the respondent, Commissioner of Insurance, issued an order promulgating a set of rules entitled "Regulation 51—Rules and Regulations for Insurance Companies, Adjusters and Motor Vehicle Damage Appraisers." Numerous companies (appellees here), contending that they were aggrieved by the regulation, filed petitions seeking judicial review of the regulation and asking that enforcement of the regulation be enjoined pending that review, as is provided for by G.S. 59-9.3. The first petition for review was served on the Commissioner on or about 17 April 1974. By 15 May 1974, the court had issued orders in all of the cases. The orders stayed the effectiveness of the Commissioner's orders pending final judicial review of the orders and ordered the Commissioner "to take no further steps of any kind to enforce or implement said order or said Rules and Regulations or to require or induce insurance companies writing motor vehicle insurance in the State of North Carolina to submit to such regulations or to take any steps in preparation for operation under such regulations." All of the cases were ordered consolidated for trial.

G.S. 58-9.3(b) requires the Commissioner to, within 30 days after service of a copy of a petition for review, file with the clerk of court a transcript of the proceedings before him. Although the petition for review was served on 17 April 1974, the Commissioner did not file the transcript until 3 January 1975. No application for an extension of time within which to file the transcript was ever made. Neither the Commissioner nor the petitioners appear to have made any effort to get the case set for trial on the merits and, therefore, the enforcement of the Commissioner's orders has been restrained since 15 May 1974. The Commissioner has not petitioned for appellate review of the orders restraining enforcement of the ordinance. [In 1974 and, again, in 1975, bills were introduced in the General Assembly that contained provisions almost identical to "Regulation 51." Neither bill was enacted by the General Assembly.]

On 30 January 1976, the Commissioner filed a "new" set of rules with the Attorney General. These rules have been designated as "Title II of the North Carolina Administrative Code." A substantial part of the provisions of "Regulation 51," the implementation of which had been enjoined, was incorporated in the Commissioner's "new" rules. The new rules were given an effective date of 1 February 1976.

On 27 February 1976, petitioners moved for permission to file supplemental pleadings in the cases pending in the Superior Court. They also sought to restrain the Commissioner from enforcing those certain sections of the "new" rules which contained substantially the same provisions as "Regulation 51," the implementation of which had been previously enjoined.

The court allowed petitioners to file the supplementary petitions for judicial review. The court found that many of the "new" rules contained substantially the same provisions as those that the Commissioner had been restrained from enforcing. The court then enjoined the Commissioner from attempting to implement those parts of the "new" rules pending judicial review. It is from this order that the Commissioner has appealed.

In May, 1974, the Commissioner was restrained from enforcing the provisions of "Regulation 51" pending judicial review as provided by statute. Since that time the case has been allowed to lie dormant without any effort to proceed to a judicial determination of the validity of the provisions of the regulations. On appeal the Commissioner argues that he "does not consider Regulation 51 to be still effective." He says that it "is gone and could not be resurrected in its prior form . . . . " He says that the action pending in the Superior Court is "practically as well as technically moot." We note, in passing, that the Superior Court does not appear to have been so advised. On appeal, the Commissioner concedes that many of the provisions of the new regulations "are direct lineal descendants of portions of Regulation 51; other provisions are substantially similar or are adopted verbatim from Regulation 51."

He argues, however, that these "new" rules must be attacked in a "new" hearing before the Commissioner before the court can restrain their enforcement pending judicial review. We find that position untenable. In "Regulation 51" the Commissioner would have required petitioners to perform certain

acts and would have proscribed them from certain other acts. The court restrained him from implementing those requirements. In the "new" rules the Commissioner attempted, substantially, to impose the very same requirements that the court (in a temporary order from which he never sought relief) had restrained him from imposing. The Commissioner, if aggrieved by the order, was at liberty to proceed through the courts as by law provided. He was not at liberty to ignore the order by imposing, under a different title, the rules he had been forbidden to impose. In substance, the orders from which the Commissioner now appeals amounts to little more than affirmation by the court of the orders it entered in May, 1974. The orders from which the Commissioner appeals are affirmed.

At such time as this case may come on for hearing in the Superior Court, the trial judge should take note of the substantive changes that have been made in the applicable statutes during the time the case has been allowed to languish.

The Administrative Procedures Act, Chapter 150A of the General Statutes, now regulates rule-making by administrative agencies. The chapter was enacted in 1973 but did not become effective until 1 February 1976. One of the reasons for the delay between enactment and effective date was to allow the agencies ample time to revise existing rules (under the then authorized procedures) and, as revised, file them with the Secretary of State so that, upon the effective date of the new act, they could be filed with the Attorney General and, consequently, became immediately effective after filing under the new act. After the rules are filed with the Attorney General, it becomes his duty to revise the form and arrangement of the rules (but not change their substance), as provided by G.S. 150A-61 and then make public and publish the rules as provided by G.S. 150A-62, 63. Revision of the form of the rules does not change their effective date or require the agency to readopt them. G.S. 150A-61.

All agency rules in lawful existence prior to 1 February 1976, become effective upon filing with the Attorney General in accordance with the new act. G.S. 150A-59(c). No agency rule adopted before 1 February 1976 was in lawful existence at that time unless a copy thereof had been filed with the Secretary of State. G.S. 143-197. No proposed rule, not in lawful existence before 1 February 1976, "is valid unless adopted in substantial compliance with" the new act. G.S. 150A-9. Substantial compli-

ance with the new act, among other things, requires notice and the opportunity to be heard, as provided by G.S. 150A-12, *before* the adoption of a rule.

Affirmed.

Judges HEDRICK and CLARK concur.